IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHARLES RAY McNABB**                                                                 **PLAINTIFF**

V.                              CASE NO.: 5:16-CV-05203

**DEPUTY JOHNSON; JOHN OR
JANE DOE DOCTORS; JOHN OR
JANE DOE NURSES; and
LIEUTENANT HOLT**                                                                      **DEFENDANTS**

### OPINION AND ORDER

This is a civil rights action filed Plaintiff Charles McNabb under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. He is incarcerated in the Benton County Detention Center (BCDC).

The Prison Litigation Reform Act (PLRA) modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), on July 23, 2016, Deputy Johnson was on the top tier of the pod when he turned off his radio, took off his microphone, and told Plaintiff to go to the public restroom. Plaintiff alleges he felt threatened and intimidated. He does not allege that Deputy Johnson struck him or in any other way physically injured him. Plaintiff alleges that he submitted a grievance about Deputy Johnson's conduct; and, the next day, Deputy Johnson came to his cell door and "just shook his head and came back to my cell 20 mins. later and stated that 'if you have

a problem with me say it to my face.'"

Plaintiff alleges that after he filed the grievance against Deputy Johnson, Lieutenant Holt "said that Deputy Johnson did not break any rules." He asserts that Lieutenant Holt refused to talk to him and would not let him file charges against Deputy Johnson.

Finally, with respect to the John and/or Jane Doe nurses and doctors, Plaintiff alleges that on July 10, 2016, they refused to give him the insomnia medicine his family brought to the jail for him. He states that not having the medication has interfered with his sleep. Additionally, Plaintiff alleges that on August 7, 2016, the doctor, without consulting Plaintiff's private doctor, changed Plaintiff's bi-polar medication from twice a day to once a day. Plaintiff asserts that this resulted in "messing with my mental disorder an[d] causing me to have mental episodes because of it."

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the Court bears in mind that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

With respect to Deputy Johnson, while the conduct alleged was certainly unprofessional, Plaintiff makes no allegation that he was physically attacked or injured. In the context of a § 1983 case, "[v]erbal threats do not constitute a constitutional violation."

2

*Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin*, 780 F.2d at 1338-1339 (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985) (use of racially offensive language in dealing with a prisoner does not, by itself, state a claim); *cf. Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986) (claim was stated where the prisoner alleged "that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death").

With respect to Lieutenant Holt, no claim of constitutional dimension has been stated. First, no constitutional claim is stated based on her alleged failure to properly respond to or process his grievance. "Inmates do not have a constitutionally protected right to a grievance procedure. Because a . . . grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the . . . grievance procedure is not actionable under § 1983." *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) (citations omitted); *see also Lombolt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (denial of grievances does not state a substantive constitutional claim); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [Plaintiff] submitted for consideration"); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir.

1994) (inmates have no constitutional right to grievance procedure); *Blagman v. White*, 112 F. Supp. 2d 534 (E.D. Va. 2000) (inmate has no constitutional entitlement to grievance procedure), *aff'd*, 3 Fed. Appx. 23 (4th Cir. 2001).

"Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts." *Blagman*, 112 F. Supp. 2d at 542 (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). A jail's "refusal to entertain such grievances does not compromise the inmate's constitutional rights, as access to the courts would still be available." *Id.* (citation omitted). "[A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Second, to the extent Plaintiff's claims are based on the refusal of Lieutenant Holt to bring criminal charges against Deputy Johnson, the claims fail. A private citizen has no right to institute criminal prosecution. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *In re Kaminski*, 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989).

## III. CONCLUSION

The Complaint as against Deputy Johnson and Lieutenant Holt fails to state cognizable claims under § 1983 and is frivolous. Therefore, these claims are **DISMISSED WITH PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (IFP action, or any part of it, may be dismissed at any time due to frivolousness, for failure to state a claim, or because the claims are against a party immune from suit). The denial of medical care claim against the remaining Defendants remains for later resolution.

**IT IS SO ORDERED** on this 17th day of August, 2016.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE