IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHARLES RAY McNABB**  **PLAINTIFF**

v.                Civil No. 5:16-cv-05203

**NURSE TYRANNY RAY;**
**NURSE PEGGY CHANEY;**
**NURSE VANESSA BALFOURD;**
**NURSE PATRICIA DAVIS; and**
**NURSE LEAH BRANYAN**                **DEFENDANTS**

## OPINION AND ORDER

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

At all times relevant to this lawsuit, Plaintiff was incarcerated in the Benton County Detention Center ("BCDC"). Defendants filed a Motion to Dismiss (Doc. 19) the official capacity claims. Plaintiff has not responded to the Motion.

### I. BACKGROUND

Plaintiff alleges he was denied proper medical care for his bi-polar disorder. Specifically, he alleges that Defendants changed his prescription from twice a day to once daily. Plaintiff asserts that this caused him to have "mental episodes."

Plaintiff also alleges that, despite the fact that his family brought his medication for insomnia to the jail, Defendants refused to provide it to him. Plaintiff asserts that this "messed" with his sleep.

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (while pro se complaints are liberally construed, they must allege sufficient facts to support the claims).

## III. DISCUSSION

Defendants, who are employed by Southern Health Partners, Inc. ("SHP"), maintain that the Plaintiff has failed to allege any facts that show an official institutional policy or custom reflecting deliberate indifference to his serious medical needs. Defendants move for dismissal of all official capacity claims.

As noted above, Plaintiff did not respond to the Motion to Dismiss. In the Complaint (Doc. 1), when Plaintiff was asked to describe the custom or policy that he believes caused

the violation of his constitutional rights, Plaintiff responded: "Do not know policy. Will have to obtain policies during discovery."

Official capacity claims are "functionally equivalent to a suit against the employing . . . entity." *Vetch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Defendants are employed by SHP, a contract medical care provider. "When a private entity like [SHP] contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the states. In so doing, it becomes the functional equivalent of the municipality" and an essential element of its liability is the existence of a custom or policy. *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997); *see also Burke v. N.D. Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002)(When a corporation acts under color of state law, the proper test for determining official capacity liability is whether a policy, custom, or action by those whose actions may be said to represent official policy inflicted the constitutional injury). Therefore, the official capacity claims are treated as claims against SHP. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

A corporation acting under color of state law is liable only for its own unconstitutional policies or customs and cannot be held liable under a *respondeat superior* theory. *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972 (8th Cir. 1993); *see also Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997). "There are two basic circumstances under which municipal [or institutional] liability will attach: (1) where a particular [institutional] policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful [institutional] policy or custom was adopted with

'deliberate indifference' to its known or obvious consequences." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009) (citation omitted).

Plaintiff has not alleged a plausible "policy" claim. In short, he has not pointed to "any officially accepted guiding principle or procedure that was constitutionally inadequate." *Jenkins v. County of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009). Merely alleging a denial of adequate medical treatment is insufficient. Plaintiff has not pointed to any SHP principle or procedure made by the "institution's official who has final authority in such matters." *Id*.

"[A] custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." *Id*. at 634 (internal quotation marks and citation omitted). Plaintiff has not asserted facts sufficient to state a plausible claim that there was any widespread, persistent pattern of unconstitutional conduct.

## IV. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that the partial Motion to Dismiss (Doc. 19) filed by the Defendants is **GRANTED**. The official capacity claims against the Defendants are dismissed without prejudice. The individual capacity claims remain for later consideration.

**IT IS SO ORDERED** on this 14th day of February, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE